Robb, Judge, concurring in part and dissenting in part.
[33] I concur with the majority in Part I of the opinion, and I believe this case is resolved in full by the decision that the implied warranty of merchantability for the Combine and Corn Head was effectively disclaimed. See slip op. at ¶ 19. Therefore, I would not address the merits of Parts II and III.
[34] Independent of the fact I do not believe Part II is a live issue, if I were compelled to express my opinion, I would disagree with the majority's conclusion that the Corn Head is not "other property." See slip op. at ¶ 27. The Combine and Corn Head were purchased from the same place, but not at the same time. They were being used together when the Combine caught fire, but they are independent implements: the Combine could be used with other headers; the Corn Head could be *618 used with other combines. In other words, although neither implement could effectively be used alone to harvest corn, they did not have to be used exclusively with each other. For these reasons, if I were to consider the economic loss doctrine issue, I would hold the Corn Head is "other property" not subject to the economic loss doctrine. See Gunkel , 822 N.E.2d at 155 ("[P]roperty acquired separately from the defective good or service is 'other property,' whether or not it is, or is intended to be, incorporated into the same physical object.").
[35] As for Part III, again, I would not address the issue, but I do not otherwise disagree with the majority's analysis.